**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES D. HINSON ELECTRICAL
CONTRACTING CO., INC., and JENSEN
CIVIL CONSTRUCTION, INC.,
Individually and On Behalf of All Others
Similarly Situated,

               Plaintiff,

vs.                                     Case No. 3:07-cv-598-J-32MCR

BELLSOUTH TELECOMMUNICATIONS,
INC.,

               Defendant.

_____

## ORDER

      Plaintiffs James D. Hinson Electrical Contracting Co., Inc. (Hinson) and Jensen Civil

Contracting Co., Inc. (Jensen) brought this putative class action lawsuit against defendant

BellSouth Telecommunications, Inc. (BellSouth) for allegedly overcharging excavators that

accidentally damaged BellSouth's underground facilities.  Plaintiffs contend that BellSouth's

bills for repairing the damage to its facilities improperly included amounts for claims

processing and general corporate overhead expenses that were not recoverable under

Florida law.  BellSouth has also filed counterclaims against plaintiffs and the putative class,

seeking recovery in tort for the damage to its facilities above what it has already collected.

This case is before the Court on Plaintiffs' Rule 12(b)(1)(6) Motion to Dismiss BellSouth's

First Amended Counterclaims (Doc. 118) and Defendant BellSouth's Response (Doc. 121).

The Court held a hearing on plaintiffs' Motion to Dismiss and other issues on October 19, 2010, the transcript of which is incorporated by reference.  (Doc. 154.)

## I.  Background

The facts of this case are set forth in this Court's previous orders.  (Docs. 33, 97, 167.)   To provide a brief summary, Hinson and Jensen have repeatedly damaged BellSouth's underground facilities in connection with their construction and infrastructure services.  (Doc. 104 at 5-6.)  Since July 1, 2003, they have received numerous bills from BellSouth for such damages and, in many instances, have paid the full amount billed.  (Id. at 5-7.)  In this suit, Hinson and Jensen claim that BellSouth charged more for its repair work than it was entitled to recover under Florida law.

BellSouth has filed counterclaims against plaintiffs and the putative class in tort for the damage caused to BellSouth's facilities during their excavations, including facility damages for which BellSouth has already billed plaintiffs and the class members.  Although "BellSouth maintains that its damage claims against Hinson, Jensen and the putative class members were fully and forever resolved when they were first paid," BellSouth claims that if plaintiffs and the putative class members "are permitted to go forward on claims actually paid and resolved[,] . . . BellSouth is entitled to pursue a set-off and affirmative relief in the alternative."  (Doc. 112 at 15.)

## II.  Jurisdiction

### 1.  Legal Standard

This Court's supplemental jurisdiction over BellSouth's counterclaims is governed by

28 U.S.C.A. § 1367.[1]   Section 1367 provides that, unless one of several enumerated exceptions applies, supplemental jurisdiction exists "over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C.A. § 1367(a).

"Courts automatically have supplemental jurisdiction over compulsory counterclaims." Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc., No. 8:08-cv-1048, 2008 WL 3927265, at *2 (M.D. Fla. Aug. 21, 2008).  Under Federal Rule of Civil Procedure 13(a),a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  The Eleventh Circuit has adopted the "logical relationship" test to determine if a counterclaim meets the requirements of Rule 13(a).  Republic Health Corp. v. Lifemark Hosps. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985).  "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant."  Id. (quotation omitted).

A split of authority exists as to whether a district court may exercise supplemental jurisdiction over permissive counterclaims under Section 1367.[2]  Prior to the enactment of Section 1367, the Eleventh Circuit held that "a federal court cannot consider a permissive

---

[1] This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because this is a class action in which diversity exists and the matter in controversy exceeds $5,000,000.

[2] A permissive counterclaim is defined as "any claim that is not compulsory."  Fed. R. Civ. P. 13(b).

counterclaim unless the counterclaimant asserts an independent jurisdictional basis." East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n, 888 F.2d 1576, 1578 (11th Cir. 1989).  However, the Eleventh Circuit has not addressed whether permissive counterclaims still require an independent jurisdictional basis after the enactment of Section 1367, which codified the court-made rules of ancillary and pendent jurisdiction.

As the Court explained in Premium Leisure, "[m]any district courts within the Eleventh Circuit . . . have concluded that permissive counterclaims still require an independent jurisdictional basis.  Other courts have either declined the invitation to address the issue or have found that they may exercise supplemental jurisdiction over permissive counterclaims that fall within § 1367(a)."  2008 WL 3927265, at *3 (internal citations omitted) (collecting cases).  While the district courts within this circuit are split, every circuit court that has addressed the issue has concluded that a court may have jurisdiction over a permissive counterclaim under Section 1367.  See Global NAPS, Inc. v. Verizon New England Inc., 603 F.3d 71, 76 (1st Cir. 2010); Jones v. Ford Motor Credit Co., 358 F.3d 205, 210-13 (2d Cir. 2004); Channell v. Citicorp Nat. Servs., Inc., 89 F.3d 379, 385 (7th Cir. 1996).

This Court finds the reasoning of the First, Second, and Seventh Circuits to be persuasive and thus holds that supplemental jurisdiction may exist over a permissive counterclaim under Section 1367 without asserting an independent basis of jurisdiction.  As the First Circuit explained in Global NAPS:

> § 1367 supersedes case law on supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims.  The statute's plain text does not distinguish or limit jurisdiction over counterclaims, though it imposes other limits.  And as the Supreme Court observed [in Exxon Mobile

4

> Corporation v. Allapattah Services, Inc., 545 U.S. 546, 558-59
> (2005)], "nothing in § 1367 indicates a congressional intent to
> recognize, preserve, or create some meaningful, substantive
> distinction between the jurisdictional categories we have
> historically labeled pendent and ancillary."  Thus § 1367
> abolishes the conceptual framework underpinning the old
> compulsory-permissive counterclaim distinction."

603 F.3d at 87.

Although a court therefore may exercise supplemental jurisdiction over permissive

counterclaims under Section 1367, jurisdiction exists under Section 1367 only when the

counterclaim forms part of the same case or controversy as the plaintiff's claims.  "In

deciding whether a state law claim is part of the same case or controversy as a federal issue,

we look to whether the claims arise from the same facts, or involve similar occurrences,

witnesses or evidence."  Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996).[3]

### 2.  Counts III, IV, V, and VI

Counts III, IV, V, and VI assert claims in negligence and trespass for damage to

BellSouth's facilities allegedly caused during Hinson and Jensen's excavations.  BellSouth

did not bill plaintiffs for the incidents listed in these counts, and thus the counterclaims do not

involve any of the same excavations that gave rise to plaintiffs' claims.

BellSouth  argues that these counterclaims are compulsory because plaintiffs' claims

"potentially implicate every damages claim ever processed by BellSouth, including those that

---

[3] Courts have found that "[t]he standard for asserting supplemental jurisdiction is broader than the standard for determining a counterclaim to be compulsory."  Bakewell v. Federal Financial Group, No. 1:04-cv-3538, 2006 WL 739807, at *3 (N.D. Ga. March 21, 2006).  It is thus possible for the court to have jurisdiction over a permissive counterclaim even if it does not arise from the same transaction or occurrence as the opposing party's claim.

Plaintiffs never paid or BellSouth never pursued." (Doc. 121 at 9.)  The logical relationship test, however, asks only whether a claim arose from the same set of operative facts.  A counterclaim is not compulsory merely because it may be affected by the resolution of the underlying claim or involves similar legal issues.  Because BellSouth's counterclaims do not arise out of the same operative facts as plaintiffs' claims, they do not meet the logical relationship test and thus are permissive.

This Court does not have jurisdiction over the permissive counterclaims asserted in Counts III, IV, V, and VI because they do not meet the requirements of Section 1367.  As explained above, in determining whether jurisdiction exists under Section 1367, "we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence."  Hudson, 90 F.3d at 455. Although BellSouth's counterclaims involve similar occurrences, they arise from separate facts and proving liability on BellSouth's claims would in many cases involve different witnesses and evidence.

BellSouth contends, however, that the requirements of Section 1367 have been met because the same issues raised in its counterclaims will be litigated in BellSouth's affirmative defenses and thus will be litigated as part of plaintiffs' claims.  (Doc. 121 at 11.)  In its affirmative defenses, BellSouth contends it is entitled "to a set off for all damages it is legally entitled to recover as a result of Plaintiffs' and the putative class members' tortious conduct . . . , including any amounts previously compromised or that BellSouth elected not to pursue." (Doc. 112 at 11-12.)

"A set-off is a permissive counterclaim . . . . that is interposed defensively . . . to defeat or reduce a plaintiff's recovery but which does not seek affirmative relief." Allapattah

6

Servs., Inc. v. Exxon Corp., 157 F. Supp. 2d 1291, 1322 (S.D. Fla. 2001).  Although a set-off need not have an independent basis of jurisdiction, it must meet the requirements of Section 1367 and thus "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C.A. § 1367 (a); see Lefkovitz v. Wagner, 395 F.3d 773, 782 (7th Cir. 2005) ("Our view is that jurisdiction [over a set-off claim] is possible but not automatic, because the jurisdictional issue is governed by 28 U.S.C. § 1367."); see also Ambromovage v. United Mine Workers of Am., 726 F.2d 972, 988-92 (3d Cir. 1984); Dowell v. Kidz R 4 Uz, Inc., No. 6:08-cv-651, 2008 WL 4613049, at * 2 (M.D. Fla. Oct. 14, 2008) ; Prudential Equity Group, LLC v. Ajamie, 524 F.Supp. 2d 473, 476 (S.D.N.Y. 2007).  As the Third Circuit explained in Ambromovage, if all set-offs were within the jurisdiction of the court, whether or not they met the requirements of Section 1367, "the ultimate result would be to allow all permissive counterclaims to be heard in federal court."  726 F.2d at 990 n.56.

This Court therefore lacks jurisdiction to hear BellSouth's set-off claims related to damage incidents for which BellSouth has not billed plaintiffs for the same reasons that it cannot hear BellSouth's counterclaims.   Accordingly, BellSouth's argument that its counterclaims are compulsory because the same issues will be litigated in BellSouth's affirmative defenses is without merit.  This Court thus does not have jurisdiction over the counterclaims asserted in Counts  III, IV, V, and VI.

3**. Counts I, II, VII, and VIII**

Counts I, II, VII, and VIII assert claims in negligence and trespass for damage to BellSouth's facilities arising from incidents for which Hinson and Jensen have already paid BellSouth's repair bills.  According to plaintiffs, "the 'operative facts' for Plaintiffs' claims and

7

BellSouth's counterclaims are totally distinct" because "Plaintiffs' claims . . . have nothing whatsoever to do with the underlying damage incident, but instead focus solely on BellSouth's calculation of damages and fraudulent and deceptive billing practices." (Doc. 118 at 9.)   Plaintiffs contend the differences between their claims and BellSouth's counterclaims are demonstrated by the fact that "[n]one of the documents or witnesses necessary to prove these counterclaims are the same as those that Plaintiffs would use to prove their claims." (Doc. 118 at 6-7.)

Although plaintiffs' argument may find support in the decisions of several other circuits, the Eleventh and Fifth Circuits have held that analogous counterclaims are compulsory.  See Heaven v. Trust Co. Bank, 118 F.3d 735, 738 (11th Cir. 1997); Plant v. Blazer Fin. Servs., 598 F.2d 1357, 1363-64 (5th Cir. 1979).  In Plant, after executing a note in favor of the defendant, the plaintiff brought an action under the Truth-in-Lending Act (TILA), claiming the defendant failed to make certain required disclosures.  The defendant counterclaimed for the unpaid balance of the note.  598 F.2d at 1359.

The court in Plant held that the defendant's counterclaims were compulsory.  Adopting the arguments of several district courts within the circuit, the Plant court explained that "both claims arose from a single loan transaction and . . . the evidence in each would overlap." Id. at 1363.  The court also noted that "the federal judiciary should not reallocate litigation burdens for public policy reasons without legislative guidance."  Id.  at 1364.  The court further explained:

> Absent the opportunity to bring a counterclaim, [the defendant]
> could be forced to satisfy the debtor's truth-in-lending claim
> without any assurance that his claims against the defaulting

8

> debtor arising from the same transaction will be taken into account or even that the funds he has been required to pay will still be available should he obtain a state court judgment in excess of the judgment on the truth-in-lending claim.

Id.

Although several circuits have disagreed with the reasoning of Plant,[4] it remains binding precedent in this circuit, as recognized by the court in Heaven v. Trust Company Bank, 118 F.3d 735, 738 (11th Cir. 1997).  Just as the execution of the note served as the factual basis of the claim and counterclaim in Plant, plaintiffs' negligent damaging of BellSouth's facilities is the factual basis of both plaintiffs' claims and BellSouth's counterclaims.  While plaintiffs argue that BellSouth's counterclaims involve different evidence and proof,  the court in Plant found that such an objection does not affect the court's analysis in the logical relationship test because the logical relationship test looks to the underlying factual basis of the claim rather than the evidence used to prove the claim. Plant, 598 F.2d at 1362-64[5]  BellSouth's counterclaims in Counts I, II, VII, and VIII are therefore compulsory, and this Court has supplemental jurisdiction under Section 1367.[6]

---

[4] See Maddox v. Ky. Fin., 736 F.2d 380, 382-83 (6th Cir. 1984); Peterson v. United Accounts, 638 F.2d 1134, 1137 (8th Cir. 1981); Valencia v. Anderson Bros. Ford, 617 F.2d 1278, 1290-92 (7th Cir. 1980).

[5] In Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 980 (11th Cir. 2000), the Eleventh Circuit held that, even if a counterclaim requires proof of additional facts, demonstrating that the claims and counterclaims arose from the same set of facts is "sufficient" to establish supplemental jurisdiction under Section 1367.

[6] Plaintiffs also contend that since Plant has been criticized in other jurisdictions, its reasoning should not be extended beyond the context of TILA cases. Plaintiffs cite two cases from within the Eleventh Circuit that they contend support such a limited reading of Plant: Hutton v. Grumpie's Pizza and Subs, No. 07-81228, 2008 WL 1995091 (S.D. Fla. May 7,

### 3.  Counts IX and X

Counts IX and X assert claims in negligence and trespass against the putative class

members for damaging BellSouth's facilities.   These Counts include claims for incidents

where the putative class members paid BellSouth's bills and for incidents where BellSouth

did not receive payment, either because BellSouth chose not to pursue the claim or because

the putative class member did not pay the bill.[7]  For the reasons stated above, this Court

does not have jurisdiction over the counterclaims relating to incidents where BellSouth did

not receive payment because such counterclaims did not arise from the same set of

---

2008) and Bakewell v. Federal Financial Group, No. 1:04-cv-3538, 2006 WL 739807 (N.D. Ga. March 21, 2006).  In Hutton, the plaintiff brought a claim for overtime compensation under the Fair Labor Standards Act, and the defendant brought a counterclaim for the plaintiff's alleged theft of company funds.  2008 WL 1995091 at *1.  Hutton is inapposite because, while the court held that the defendant's counterclaim was permissive, there is no indication that the same set of facts somehow served as a basis for the claim for overtime and the counterclaim for theft.  Id. at *2.  In Bakewell, the plaintiff sought damages for debt collection communications that allegedly violated the Fair Debt Collection Practices Act, and the defendant filed a counterclaim to recover the money due on the account. 2006 WL 739807, at *1.  Although the facts of Bakewell are similar to the facts of the instant case, the court in Bakewell does not appear to have considered the court's reasoning in Plant.  See id. at *3 ("Defendant has made no argument or offered any case law to show that the court has supplemental jurisdiction . . . .").  Moreover, the Court in Plant rejected many of the arguments that have been used by courts which have subsequently held that similar counterclaims are permissive.  Specifically, the court in Plant considered and rejected arguments that finding the counterclaims to be compulsory would: discourage plaintiffs from asserting TILA actions, destroy TILA class actions "by interjecting vast numbers of individual questions," and allow counterclaims where the connection to the underlying claim is "too abstract or tenuous."  Id. at 1361-62.

[7] Specifically, BellSouth asserts claims relating to damages to its facilities "that either (a) have not been pursued against that putative class member; (b) have not been paid, (c) have been paid in part based on the amounts claimed as damages at the time as a full and complete resolution of the claim, or (d) have been paid in full the amounts claimed as damages at the time as a full and complete resolution of the claim."  (Doc. 112 at 28.)

operative facts as plaintiffs' claims.

Whether this Court has jurisdiction over BellSouth's counterclaims relating to incidents where the putative class members paid BellSouth's bills, however, is a more difficult question.  Plaintiffs contends that putative class members are not subject to Rule 13 and thus no counterclaims asserted against them can be considered compulsory.  Plaintiffs further argue that, under Section 1367, this Court should use its discretion to decline to exercise supplemental jurisdiction over the permissive counterclaims asserted against the putative class members.

Plaintiffs primarily rely on the Eleventh Circuit's decision in  Allapattah v. Exxon Corporation, 333 F.3d 1248 (11th Cir. 2003), to argue that BellSouth's counterclaims are not compulsory.  In Allapattah, the plaintiff argued that the defendant's set-off claims were untimely because they were raised for the first time during the damages phase of a class action suit.  The court held that allowing the set-off claims at that stage in the litigation was within the discretion of the district court.  Id. at 1259-60.  The court in Allapattah stated that "[o]rdinarily, a party must assert a counterclaim in its pleadings.  Rule 13, however, is inapplicable in class action suits, because absent class members are not opposing or litigating adversaries for purposes of Rule 13."  Id. at 1259 n.14.  (quotations and citations omitted).  Quoting a treatise on class actions, the court further explained: "Because compulsory counterclaims can only be potentially involved when Rule 13 applies, if absent class members are not opposing parties within the meaning of the rule, it follows that any counterclaims that may be permitted in a class action are not governed by Rule 13 and are purely discretionary with the court."  Id. (quoting 2 Alba Conte & Herbert B. Newberg,

11

Newberg on Class Actions § 4:34, at 299-300 (4th ed. 2002)).

BellSouth, however, contends that the Eleventh Circuit's decision in Heaven v. Trust

Company Bank, 118 F.3d 735 (11th Cir. 1997), "provides that it is appropriate for BellSouth

to bring counterclaims against absent class members." (Doc. 121 at 20.)  In Heaven, after

the plaintiff filed a class action against the defendant for violations of the Consumer Leasing

Act, the defendant filed counterclaims against the individual class members.  Id. at 737.  The

court stated that the defendant's counterclaims were compulsory and thus held that they

were a valid consideration in the district court's class certification analysis.  Id. at 738.

The court in Heaven, however, did not explicitly discuss whether counterclaims

against unnamed class members are compulsory under Rule 13.   Although such a

conclusion may be implicit in the court's opinion,[8] the Eleventh Circuit has held that implicit

jurisdictional holdings are "not binding under the prior panel precedent rule."  United States

v. Valencia-Trujillo, 573 F.3d 1171, 1180 n.6 (11th Cir. 2009).   Regardless of any

implications from the opinion in Heaven, this Court is bound by the Eleventh Circuit's

decision in Allapattah.[9]

_____

[8] It is not entirely clear whether the court wished to reach such a conclusion.  The parties do not appear to have briefed the issue, and the court attempted to limit its holding by stating: "We rule only that it is a proper exercise of discretion for the district court to evaluate the nature of the counterclaims and the difficulties they present [when ruling on class certification] and to consider the usefulness of breaking the proposed class into subclasses to avoid those difficulties."  Id. at 739 n. 7.

[9] Although there is a split, several courts in other jurisdictions have reached the same conclusion as the court in Allapattah.  See Owner-Operators Indep. Drivers Ass'n. v. Mayflower Transit, Nos. 1:98-cv-0457, 1:98-cv-0458, 2006 WL 1794751 (S.D. Ind. June 27, 2006); Owner-Operators Indep. Drivers Ass'n. v. Ledar Transport, No. 00-0258-cv, 2004 WL 5376211 (W.D. Mo. Jan. 7, 2004); Owner-Operators Indep. Drivers Ass'n. v. New Prime,

Because <u>Allapattah</u> dictates that Rule 13 does not apply to putative class members, BellSouth's counterclaims against the putative class members are permissive.   The jurisdictional inquiry is thus governed by Section 1367.   The Court may exercise supplemental jurisdiction under Section 1367(a) if the counterclaims are so related to plaintiffs' claims that they "form part of the same case or controversy under Article III of the United States Constitution." § 1367(a).  As explained above, BellSouth's counterclaims for damages relating to bills that have been paid by the putative class members meet this requirement because they arise from the same operative facts as plaintiffs' claims.  However, Section 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367.   The Eleventh Circuit has held that "while supplemental jurisdiction must be exercised in the absence of any of the four factors of section 1367(c), when one or more of these factors is present," the court may also consider "judicial economy, convenience,

---

Inc., 213 F.R.D. 537 (W.D. Mo. 2002); <u>Buford v. H&R Block, Inc.</u>, 168 F.R.D. 340 (S.D. Ga. 1996).  <u>But</u> <u>see</u> <u>Davis v. S. Bell Tel. & Tel. Co.</u>, No. 89-2839-civ, 1994 WL 912242 (S.D. Fla. Feb. 1, 1994) (holding that counterclaims against unnamed class members may be compulsory); <u>Nat'l Super Spuds, Inc. v. N. Y. Mercantile Exch.</u>, 75 F.R.D. 40 (S.D.N.Y. 1977) (same).

fairness to the parties, and whether all the claims would be expected to be tried together." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994).

Plaintiffs contend the Court should decline to exercise supplemental jurisdiction under Section 1367(c)(2) because the counterclaims would predominate over their claims. (Doc. 118 at 13-15.)  According to plaintiffs, "BellSouth would have to establish liability for each damage incident, causation, and proof of damage; this would entail detailed documents and testimony regarding the facts related to each damage incident" that would not overlap with plaintiffs' evidence. (Id. at 14.)

Plaintiffs also argue that there are other compelling reasons for declining jurisdiction under Section 1367(c)(4). Specifically, plaintiffs contend the counterclaims would discourage potential class members from participating in the litigation and that considerations of fairness and efficiency favor declining jurisdiction because the claims can be asserted in state court. (Id. at 15-17.)

Relying on Sections 1367(c)(2) and (4), the Court agrees and thus declines to exercise supplemental jurisdiction over the counterclaims asserted against the putative class members. BellSouth's individual tort claims against each of the thousands of class members involved in this case "may be considerably more time consuming than the adjudication of the class's claims" and thus would substantially predominate under Section 1367(c)(2). Channell, 89 F.3d at 386.  Moreover, BellSouth's counterclaims "recast[] this case as a defendant class action for damages, which although not unheard-of is certainly 'exceptional.'"  Id. at 387; see also 2 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 4:34 (4th ed.2002) ("[T]o allow counterclaims in a class action context would serve

14

to emasculate the basic objectives of class actions."). As the court suggested in <u>Channell</u>, "the difficulties of administering this case as a defendant class action amount to a 'compelling' argument for relinquishing jurisdiction" under Section 1367(c)(4). <u>Id.</u> Additionally, there is little overlap between proving plaintiffs' principal claims that BellSouth routinely and systematically overcharged for repairs and BellSouth's counterclaims that, in individual circumstances, BellSouth did not bill a particular class member enough. Therefore, principles of fairness and economy do not militate in favor of exercising supplemental jurisdiction. <u>See</u> Newberg on Class Actions § 4:34 ("[C]ounterclaiming defendants reap little economy and likely will jeopardize litigation efficiency by asserting counterclaims against absent members.").[10]

## III.  The Adequacy of BellSouth's Pleading

Plaintiffs contend BellSouth's counterclaims should be dismissed because they have not been adequately pled. (Doc. 118 at 18-21.) Because this Court has dismissed Counts III, IV, V, VI, IX, and X on jurisdictional grounds, this Order will only examine the adequacy of counts I, II, VII, and VIII. Plaintiffs contend these counts should be dismissed because BellSouth has not set out its exact legal theory or specified its measure of its damages. BellSouth, however, is under no obligation to plead these elements of its counterclaims with such specificity. <u>See</u> <u>Aschcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a

---

[10] Given the Court's jurisdictional ruling, it need not address plaintiffs' argument that Counts IX and X should be dismissed and refiled after a determination on liability. (Doc. 118 at 21-23.)

claim to relief that is plausible on its face.") (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  Moreover, in their Motion to Dismiss, plaintiffs do not raise any specific legal defects with BellSouth's theory of recovery.[11]

It is hereby

**ORDERED:**

1.    Plaintiffs' Rule 12(b)(1)(6) Motion to Dismiss BellSouth's First Amended Counterclaims (Doc. 118) is **GRANTED** with respect to Counts III, IV, V, VI, IX, and X; these counts are dismissed without prejudice.  Plaintiffs' Motion is **DENIED** with respect to Counts I, II, VII, and VIII.[12]

---

[11] Plaintiffs do challenge the legal basis of the counterclaims in their Response to BellSouth's Response to the Court's Order Regarding BellSouth's Counterclaims.  (Doc. 165 at 7-8.)  Although the Court will not consider plaintiff's Response in this Order, plaintiffs may raise arguments against the legal sufficiency of the remaining counterclaims by additional motions.  Because the legal sufficiency of the counterclaims has not yet been the proper subject of a motion to dismiss, BellSouth's Unopposed Motion for Leave to File a Reply (Doc. 166) is due to be denied.

[12] BellSouth's Unopposed Motion for Leave to File a Reply (Doc. 166) is **DENIED**.

2.  Plaintiffs must file their response to Counts I, II, VII, and VIII of the counterclaims no later than **April 13, 2011**.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of March, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies to:
Counsel of Record

17